## EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT, dated the 14th day of July, 2017, by and between Regymen Fitness, LLC (hereinafter "Company") and Josh Whiseman (hereinafter "Employee").

**WHEREAS**, Company wishes to employ Employee and Employee is willing to serve in the employ of Company under the terms and conditions hereinafter provided.

**NOW, THEREFORE**, in consideration of the mutual covenants herein contained, the parties hereto agree as follows:

1. **Employment.** Company hereby employs Employee, and Employee hereby accepts such employment by Company, upon the terms and conditions herein provided.

2. **Position and Responsibilities.** Beginning on the Commencement Date, Employee agrees to serve as the Program Director of Regymen Fitness, LLC located at 4225 Perkins Rd in Baton Rouge, LA. The Company may change or modify the position of the Employee or his duties at any time. Employee is expected to work in a full-time capacity and dedicate his full time and attention to his employment with the Company. It is expressly agreed that Employee's duties, during the term of this Agreement, shall be administrative and professional in nature and Employee and his position shall be exempt from the overtime provisions of the Fair Labor Standards Act and all other state and federal regulations.

3. **Term of Employment.** This Agreement shall terminate at will by either party for any reason and at any time. Nothing in this Agreement shall provide for any specific term of employment and Employee, by signing this Agreement, acknowledges that this Employment Agreement terminates "at will." Employee shall commence employment on the day that the Restaurant opens.

4. **Employee Acknowledgements.** Employee acknowledges that he/she has received and will continue to receive specialized and expensive training and education in Company's business operations, which training and education Employee acknowledges has included confidential information as defined hereinbelow. Further, Employee acknowledges that he/she understands the value of the confidential information received, the value of the training and education received, the importance of protecting the confidential information from any competitor or potential competitor of Company, and that Company is relying upon the Employee to protect the confidential information from disclosure as set forth in this Employment Agreement.

5. **Compensation.** For all services rendered by Employee in any capacity during employment under this Agreement, the Company shall pay Employee an initial monthly salary of $4,167 per month for the first 4 months and increase to $5,417 beginning there after. All compensation will be subject to withholding as required by law. Employee shall also receive $12,000 annually for living expenses and other related items. Employee may receive bonus for achieving certain goals and quotas for opening of Regymen License or franchise.

6. **Confidentiality.** Employee acknowledges that he/she has been and will continue to be placed in a position of trust which will necessarily expose the Employee to confidential information, trade secrets, proprietary and technical data, special processes, research and data,

marketing and merchandising information, customer and product lists and related information ("confidential information") that is critical to Company's success and which information is the exclusive property of Company unless otherwise agreed upon by the parties. Employee agrees that, during his employment with Company and all times thereafter, he will not disclose, divulge or disseminate to any person, party or entity, any such information, including any confidential or proprietary information concerning the business or operations of Company. Such confidential information shall include, but is not limited to, processes, pricing, sales and marketing information, financial information, proposals, research, suppliers and clientele.

7. **Moonlighting; Non-Compete.** Employee will devote his/her full time, good faith and best efforts to the furtherance of Company's business success. Employee will not, absent the prior consent of Employer, carry on or be employed in any other business or profession. Further, Employee consents to and has been paid valuable consideration for his/her agreement not to compete, as described in this Section, under which this Employee specifically agrees that, upon termination of his/her employment from Company, he/she will not compete with Company or become employed by or affiliated with a competitor of Company, in any parish or county, municipality, region, or state in which Company does business, has done business, or seeks to do business for one (1) years following his/her termination. The parties intend that the maximum legal protection possible be afforded Company with respect to this Covenant Not to Compete under the law of every state in which Company does business or has done business as of Employee's termination date. If this Covenant Not to Compete is more onerous or burdensome to the Employee than a particular state's law may allow, then the parties agree that it shall not be null or void; rather it shall be enforceable to the maximum extent permitted by the law of the state where Company contends that the Covenant Not to Compete has been violated by the Employee.

8. **Harassment/Indemnity.** It is the policy of the Company to provide and maintain a working environment free of sexual or other harassment in any manner or form, and it is expressly prohibited. All incidents of harassment, sexual or otherwise, regardless of severity, will be promptly and thoroughly investigated and appropriate corrective action will be taken. Employee shall indemnify and agrees to promptly defend Company from and reimburse Company for, any and all losses, damages, costs, expenses, liabilities, obligations, and claims of any kind (including, without limitation, reasonable attorneys' fees and other legal costs and expenses) arising out of any act or instance of sexual or other harassment attributable to Employee.

9. **Severability.** To the extent any provision of this Agreement is deemed invalid by the final judgment of a court of competent jurisdiction, then the Company shall be entitled to enforce any remaining obligations against Employee which are otherwise determined to be reasonable and valid under Louisiana law

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the law of the State of Louisiana.

11. **Employee** will be given 1% of Regymen Fitness stock from company ownership after 24 months of employment. If the company is sold before the 24 months, than employee shall receive its 1% stock ownership.

12. **Miscellaneous.**

    12.1    Within or at 24-months of employment with the company, company shall open a Regymen Fitness Franchise and the employee will be given a 12.5%

*Employment Agreement*

interest in ownership. Employee may have one year of opening to acquire another 12.5% ownership at the cost to open the said franchise.

**12.2** Employee shall be paid 90 days severance pay if employee is laid off through no fault or wrong doing of employee.

**THIS EMPLOYMENT AGREEMENT** is signed this 14th day of July, 20 17. Each party has read the Employment Agreement, and is voluntarily executing this Employment Agreement with a full understanding of its meaning and import.

WITNESSES:　　　　　　　　　　　　EMPLOYER:

_____　　By: _____
Print: _____　　Print: _____

　　　　　　　　　　　　　　　　　　EMPLOYEE: *[signature]*
_____
Print: _____　　Print: Josh Whisman

*Employment Agreement* — *[signature]*
Page 3 of 3