UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA WHISMAN,

    Plaintiff,

v.                                    Case No. 8:20-cv-2470-VMC-TGW

REGYMEN FITNESS, LLC,
DONALD JARREAU, and
EDWARD NAVAN,

    Defendants.

_____/

**ORDER**

    This matter comes before the Court upon consideration of Defendants Regymen Fitness, LLC, Donald Jarreau, and Edward Navan's Motion to Dismiss (Doc. # 24), filed on January 18, 2021. Plaintiff Joshua Whisman responded on February 1, 2021. (Doc. # 30). For the reasons that follow, the Motion is granted.

**I.   Background**

    Whisman initiated this action against Defendants on October 22, 2020. (Doc. # 1). The operative complaint asserts claims for breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), fraudulent inducement (Count III), unjust enrichment (Count IV), conversion (Count V), violations of Florida's Deceptive and

Unfair Trade Practices Act (Count VI), and violations of Florida's Private Whistleblower Act (Count VII). (Doc. # 9). It also requests a declaratory judgment stating that certain restrictive covenants between Whisman and Regymen are void (Count VIII). (Id.). Count III of the second amended complaint seeks relief from all Defendants, Counts IV and V seek relief from Regymen and Jarreau, and Counts I, II, VI, VII, and VIII seek relief from Regymen alone. (Id.).

Whisman brings this suit in federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). (Id. at ¶ 1). To establish complete diversity, Whisman alleges that he is a "citizen and resident of the State of Florida." (Id. at ¶ 2). Navan and Jarreau are allegedly "citizen[s] of the State of Louisiana," and Regymen is a "manager-managed limited liability company (with no company members), a citizen of the State of Louisiana, and organized under that state's laws." (Id. at ¶¶ 4, 6-7). Jarreau is alleged to be "Defendant [Regymen's] Manager and sole limited liability company officer." (Id. at ¶ 4).

Defendants now move to dismiss the second amended complaint on the grounds that the parties are not completely diverse, as required by Section 1332(a). (Doc. # 24). Whisman has responded (Doc. # 30) and the Motion is ripe for review.

2

## II.  **Legal Standard**

"Federal courts are ones of limited jurisdiction." Smiley v. Colonial Care NH, LLC, No. 8:10-cv-1801-VMC-AEP, 2011 WL 13302359, at *2 (M.D. Fla. Feb. 8, 2011). For a court to have diversity jurisdiction pursuant to Section 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal citation omitted).

Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (quoting Lawrence, 919 F.2d at 1529). In factual attacks, the Court delves into the arguments asserted by the

3

parties and the credibility of the evidence presented. <u>Garcia v. Copenhaver, Bell, & Assocs.</u>, 104 F.3d 1256, 1260-61 (11th Cir. 1997).

Here, Defendants mount a factual challenge, disputing Whisman's allegation that Navan and Regymen are citizens of Louisiana. (Doc. # 24 at 6). Because the very power of the Court to hear the case is at issue, the Court is free to weigh extrinsic evidence outside the four corners of the complaint. <u>Eaton v. Dorchester Dev., Inc.</u>, 692 F.2d 727, 732 (11th Cir. 1982). Additionally, the Court is not required to assume that the allegations in the complaint are true. <u>Rosenkrantz v. Markopoulos</u>, 254 F.Supp.2d 1250, 1251 (M.D. Fla. 2003).

As "the party invoking the court's jurisdiction," Whisman "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257 (11th Cir. 2002); <u>see</u> <u>also</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 518 (1975) (finding that once subject matter jurisdiction has been questioned, a plaintiff is required to "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers").

For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" <u>McCormick</u>, 293 F.3d at 1257. "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989).

To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." <u>Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.</u>, No. 3:07-cv-374-TJC-TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007) (citation omitted). The Court considers the totality of the evidence, and no single factor is conclusive. <u>Id.</u>

## III. **Analysis**

In the instant Motion, Defendants challenge Whisman's assertion that Navan is a citizen of Louisiana. (Doc. # 24 at 4). Defendants contend that Navan is instead a citizen of Florida. (<u>Id.</u>). Furthermore, Defendants claim that Navan is a member of Regymen, therefore Regymen is a citizen of Florida for diversity purposes. (<u>Id.</u> at 3, 7). Since Whisman also alleges that he is a citizen of Florida (Doc. # 9 at ¶ 2),

Defendants argue that this Court lacks jurisdiction under Section 1332(a).

For support, Defendants attach a declaration from Navan, sworn and subscribed before a notary public. (Doc. # 24-1). In his declaration, Navan states that he has lived in Florida since 2019. (Id. at ¶ 9). Specifically, from 2019 to May 2020, Navan leased a residence in Clearwater, Florida. (Id.). In 2020, Navan explains, he relocated and signed a two-year lease for a condominium in Pensacola, Florida. (Id. at ¶ 10). Regarding his future living situation, Navan declares: "I intend to remain in Florida." (Id. at ¶ 14).

Navan continues that he does not currently lease or own any real property outside the state of Florida, and while he frequently travels, "[he] [has] always returned to Florida and Florida is [his] permanent home." (Id. ¶¶ 13-16). Additionally, Navan states that his car is registered in Florida and he receives personal mail to his Pensacola address. (Id. at ¶¶ 11-12). Navan attaches his lease agreement to the declaration, confirming that he began a condominium lease in Pensacola on April 1, 2020. (Id. at 28). The lease ends March 31, 2022. (Id.).

Whisman responds that diversity jurisdiction exists because Navan relocates frequently, and his Florida residence

is only temporary. (Doc. # 30 at 1). According to Whisman, Navan's true "home base" is Baton Rouge, making him a citizen of Louisiana. (Id.).

For support, Whisman contends that "Navan has not properly manifested any real intent to remain in Florida indefinitely." (Id. at 3). For example, "Navan has not demonstrated he has a Florida driving license," and he has not registered to vote in Florida. (Id.; Doc. # 30-3). Whisman also points out that Navan has no permanent ties to Florida, since he has only lived there since 2019 and his lease ends in 2022, "merely one year away." (Doc. # 30 at 2).

Whisman also argues that several of Navan's businesses are registered in Louisiana, and his partner Jarreau (who is also the manager of Regymen) is a Louisiana citizen. (Id. at 3; Doc. # 30-1; Doc. # 30-2).

As further proof that Navan is frequently in Louisiana, Whisman attaches a verified return of non-service on Navan. (Doc. # 30-4). According to the process server, he was unable to serve Navan at his place of business in Pensacola, Florida. (Id.). The report notes: "[Navan] is seldom at this location. Stays at Baton Rouge location." (Id.).

Lastly, Whisman stresses that Navan's declaration was notarized in Louisiana, "since he **stays** there for work-

related purposes." (Doc. # 30 at 5). From this information, Whisman concludes that "Navan is currently a resident of Florida but he is certainly not a citizen." (Id. at 4).

After weighing the evidence in its totality, the Court finds that Whisman has not met his burden of proving complete diversity.

Navan has provided a current lease confirming his physical presence in Florida. (Doc. # 24-1 at 28). The lease contemplates a significant period of time (two years) and was entered into several months before Whisman initiated suit. (Id.). Furthermore, Navan declares that Florida is the only state where he currently leases or owns property. (Id. at ¶¶ 15-16). Defendants fail to cite any evidence to the contrary, and do not provide any proof that Navan retains property in Louisiana or otherwise maintains a residence outside Florida.

Navan's Florida car registration, as well as the fact that he receives personal mail to his Pensacola address, further belie an intent to remain indefinitely in Louisiana, rather than Florida. (Id. at ¶¶ 11-12).

Lastly, Navan has sworn under oath that he intends to remain in Florida. (Id. at ¶ 14). Generally, this would not be enough to prove citizenship, as courts "give little weight to a party's profession of domicile." Molinos Valle Del Cibao,

8

C. por A. v. Lama, 633 F.3d 1330, 1342 (11th Cir. 2011)
(internal citation omitted). This is "because these
declarations are often self-serving." Id. But here, Whisman
does not cite sufficient evidence to contradict the sworn
statement of intent. Cf. Ucastv, Inc. v. Brandon, No. 2:13-
cv-815-SPC-UAM, 2013 WL 6223025, at *1 (M.D. Fla. Nov. 27,
2013) (noting that parties' statements are usually accorded
little weight "when in conflict with the facts").

Whisman's main proof of a Louisiana domicile is that
Navan frequently visits Baton Rouge for extended periods of
time, as evidenced by the process server's affidavit (Doc. #
30-4), the fact that Navan's declaration was notarized in
Louisiana (Doc. # 30 at 5; Doc. # 24-1), the fact that several
of Navan's businesses are registered in Louisiana (Doc. # 30
at 3; Doc. # 30-1; Doc. # 30-2), and the fact that his frequent
business partner (Jarreau) is a Louisiana citizen. (Doc. # 30
at 3; Doc. # 30-1).

But domicile is not synonymous with "spend[ing]
prolonged periods of time," conducting business in a state,
or even "stay[ing]" in a state. (Doc. # 30 at 3). Navan may
frequently stay in Baton Rouge for business purposes, yet
still retain a permanent domicile in Pensacola. See Molinos
Valle Del Cibao, 633 F.3d at 1341-42 (finding that "one may

temporarily reside in one location, yet retain domicile in a previous residence"). Indeed, "the fact that a person is employed in a particular state, without anything more, is not enough to show citizenship." Archer v. Nichols, No. 8:16-cv-3067-CEH-AAS, 2019 WL 3308243, at *5 (M.D. Fla. Mar. 6, 2019).

Here, though the record shows that Navan visits Louisiana often, the Court cannot conclude from such evidence that Louisiana is Navan's "true, fixed, and permanent home and principal establishment, [] to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal citation omitted); compare Salveson v. Miller, 489 F. Supp. 2d 963, 968 (D.S.D. May 17, 2007) (finding a party to be a citizen of Florida, even though she worked in South Dakota, because her maintenance of a home in Florida, Florida vehicle registrations, a Florida driver's license, and a Florida voter's registration all indicated an intent to move back to Florida when her employment in South Dakota was terminated).

The Court is not persuaded by Whisman's argument that because Navan only began living in Florida in 2019, and his current lease ends in 2022, he must intend to return to Louisiana in roughly a year. (Doc. # 30 at 4). "There is no

10

minimum period of residence required to establish domicile."
Britton v. Scott, No. 96-14041-CIV-PAINE, 1996 WL 608541, at
*1 (S.D. Fla. Sept. 27, 1996) (internal citation omitted).
Furthermore, Navan has already relocated within Florida once,
after he ended his residence in Clearwater. (Doc. # 24-1 at
¶ 9). The mere fact that Navan's second lease will also end
is not enough to show a fixed intent to return to Louisiana,
when Navan could simply sign a third lease in Florida.

Nor is the Court swayed by the fact that Navan is not
registered to vote in Florida, as Whisman does not show that
Navan is registered to vote in Louisiana. Likewise,
Defendants neglected to provide proof of a Florida driver's
license, but Whisman also fails to attach a Louisiana driver's
license. The mere absence of these documents, when weighed
against an existing lease in Pensacola and a declaration of
intent to remain in Florida, is insufficient to prove a
Louisiana domicile. See William Hughes Diller, Jr., Revocable
Tr. v. Heartland Ag Grp. of Springfield, Inc., No. 5:10-cv-
672-MMH-TBS, 2011 WL 13295824, at *6 (M.D. Fla. Sept. 28,
2011) (finding a party to be a citizen of Florida even though
he was not registered to vote in Florida because it was
unclear from the record whether he was registered to vote in
Illinois, he stated on multiple documents that he moved his

11

residence to Florida, and he adopted a daughter in Florida state court).

Ultimately, Whisman may argue that "Navan cannot possibly demonstrate Florida citizenship because he cannot satisfy any of the factors demonstrating intent to remain in Florida indefinitely" (Doc. # 30 at 5), but the "burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975). Weighing all evidence in its totality, Navan's frequent business trips to Louisiana, lack of a Florida driver's license, and failure to register to vote in Florida are not enough to convince the Court that Navan is domiciled in Louisiana. Compare Britton, 1996 WL 608541, at *2 (finding a party to be a part-time resident of Florida, but a citizen of New York, where the party owned vehicles that were both registered and insured as New York vehicles, filed and paid New York state income taxes, and declared New York as his residency and domicile on both Federal and New York state tax returns).

In sum, Whisman has not shown by a preponderance of the evidence that Navan has "[an] intention of remaining in [Louisiana] indefinitely," or indeed an intention to remain in any state other than Florida. Molinos Valle Del Cibao, 633

F.3d at 1341-42. Nor has he shown that Navan has a fixed intent to leave Florida upon expiration of his lease. Therefore, Whisman has failed to show complete diversity as required by Section 1332(a), and the Court lacks diversity jurisdiction over Navan.

Regarding Regymen, Defendants attach an operating agreement confirming that E. Troy Archer, Edward Navan, and Donnie Jarreau Developments, LLC are "the only Members in '[Regymen Fitness], LLC.'" (Doc. # 24-1 at 4). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Since Whisman has failed to show by a preponderance of the evidence that Navan is completely diverse from Whisman, he has also failed to show that Regymen is completely diverse. Therefore, the Court also lacks diversity jurisdiction over Regymen.

Defendants do not contest that Jarreau is a Louisiana citizen. Therefore, complete diversity remains between Whisman and Jarreau. If Whisman is able to allege an amount in controversy greater than the statutory minimum of $75,000, he may file a third amended complaint repleading his claims against Jarreau by April 2, 2021.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendants' Motion to Dismiss (Doc. # 24) is **GRANTED.**

(2)   The second amended complaint (Doc. # 9) is dismissed without prejudice.

(3)   If possible, Plaintiff Whisman may file a third amended complaint repleading Counts III, IV and V against Jarreau by April 2, 2021. If an amended complaint is not filed by that time, the case will be closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of March, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE